IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cr-05022-01-MDH |
| | ) | |
| GERALD B. HEAD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(1)(A). (Doc. 26). Defendant seeks to have his federal sentence of 12 months for mailing threatening communications either vacated, reduce to time served, or to run concurrently with his State of Missouri civil commitment at Sex Offender Rehabilitation and Treatment Services. The government has filed a response stating the Court should deny Defendant's motion because Defendant is not currently in federal custody, this Court lacks jurisdiction, and the motion should be denied as premature. (Doc. 32).

Defendant is not in the Bureau of Prisons' (BOP) custody and has been civilly committed to SORTS by the State of Missouri for 12 years since sentencing in this case. Southeast Missouri Mental Health Center's, Sex Offender Rehabilitation and Treatment Services program (SORTS), is an involuntary civil commitment program for the treatment of sexually violent predators. Defendant states that "[i]t may be a number of years before conditional release is granted" from the State of Missouri's civil commitment.

However, since Defendant is not in federal custody, this Court cannot grant him compassionate release. See *United States v. Mosley*, No. 1:09-CR-65, 2023 WL 8828004, at *3

1

(S.D. Ohio Dec. 21, 2023) ("[B]y its plain terms, [the compassionate release statute] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility."); and *Jerore v. Michigan*, No. 20-CV-12989, 2021 WL 1056772, at *1 (E.D. Mich. Mar. 19, 2021) ("Federal district courts do not have jurisdiction to grant compassionate relief to an inmate outside of the federal system.").

Defendant may refile his motion upon commencing his federal term of imprisonment. However, at this time the Court denies the motion, without prejudice, as the relief cannot be granted.

Defendant also moves the Court to appoint counsel to assist with his motion. The Court finds no basis to grant this motion based on the record before it. See *United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017); and *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (holding that the constitutional right to counsel does not extend to Section 3582(c) proceedings).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: June 27, 2024          */s/ Douglas Harpool*
                              **DOUGLAS HARPOOL**
                              **UNITED STATES DISTRICT JUDGE**